NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 9, 2013[*]
Decided January 13, 2014

**Before**

RICHARD  D. CUDAHY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

| | |
|---|---|
| No. 13-1199 | |
| | Appeal from the United States |
| JANICE JOHNSON, | District Court for the Northern District of |
| *Plaintiff-Appellant,* | Illinois, Eastern Division. |
| | |
| *v.* | No. 09 C 7686 |
| | |
| CITY OF CHICAGO, | Charles R. Norgle, |
| *Defendant-Appellee.* | *Judge.* |

**ORDER**

Janice Johnson appeals the grant of summary judgment against her in this employment-discrimination suit against her former employer, the City of Chicago,

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

raising claims of failure to accommodate and retaliation under the Americans with Disabilities Act and the Rehabilitation Act, 42 U.S.C. § 12112; 29 U.S.C. § 701. She appeals only the ruling on her failure-to-accommodate claim. Because reasonable jurors could conclude that Johnson was disabled under the ADA, we reverse and remand this case for further proceedings.

Johnson, who had worked as a public-health aide for the City of Chicago's Department of Public Health for a decade, missed eleven days of work in early 2008. During this eleven-day absence, supervisors tried unsuccessfully to reach her. Because she had been absent without leave for five consecutive days (in violation of the City's personnel rules), the City initiated discharge proceedings against her, informing her in writing that she would be fired on March 10 unless she accounted for her absence. On March 10, Johnson returned to work. She presented her supervisors with a "Consent to Return to Work Form" issued by the Sickle Cell Clinic at the University of Illinois College of Medicine at Chicago, stating that she was hospitalized from February 16 to the 23 and could return to work on March 10; the note added that she should refrain from physical exertion and be limited to desk duty. Her supervisors advised her that she could request reasonable accommodation under the ADA or medical leave under the Family and Medical Leave Act, or she could use accrued vacation time for her absence. Johnson told them she would not use her vacation time, so the City coded her in its time records as absent "no pay" status. The City did not continue with the discharge proceedings.

Johnson soon thereafter met with supervisors, explained that she had recently been hospitalized, and submitted a "Reasonable Accommodation Request Form." The form was accompanied by a medical questionnaire completed by her physician stating that Johnson needed to use a walker and would suffer from "gait instability" for six to nine months. A notation on the questionnaire also suggested that Johnson be allowed to work at a desk "until further medical notice." The Department denied the request, explaining that she would not be able to perform one of the essential functions of her job—doing five to seven home visits per day. According to the Department, the accommodation request "would change the job of PHA [public health aide]."

Johnson did not return to work, believing that she had already been fired, and the following month the Department sent her another letter reiterating that her accommodation request had been denied, that she remained in "sick no-pay status," and that her failure to return to work with a full medical release (or to submit

paperwork requesting medical leave) could lead to disciplinary action, including discharge. Johnson did not respond to the letter.

In June the Department sent Johnson documentation explaining its reasons for disciplining her: she had been absent without leave from May 1 to June 30, 2008, and she had failed to update her current address during that same time period. A pre-disciplinary hearing at which Johnson could contest her discharge was scheduled for July 16. But she did not show up (she later said that she never received either the notice of the hearing or the statement of charges), and the City fired her effective August 1.

Johnson sued the city under the ADA and the Rehabilitation Act, asserting that the Department: (1) discriminated against her because of her medical condition (sickle cell anemia) by denying her accommodation request for desk work and terminating her job; and (2) retaliated against her for requesting the accommodation. Johnson contended that her sickle cell anemia substantially limited her life activities of walking, standing, lifting, bending, and working.

The district court granted the City's motion for summary judgment. The court determined that Johnson failed to establish that she was a qualified individual subject to the protections of the ADA and the Rehabilitation Act. The court explained that Johnson had not shown that her walking (or any other major life activity) was substantially impaired and in fact found her condition "merely temporary," so she was not disabled under the ADA, dooming her failure-to-accommodate claim. The court also determined that Johnson failed to adduce evidence sufficient to raise a fact issue on her retaliation claim.

In order to succeed on her failure-to-accommodate claim, Johnson needed to show that: (1) she is a qualified individual with a disability; (2) the Department was aware of her disability; and (3) the Department failed to reasonably accommodate her disability. *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 747–48 (7th Cir. 2011). Under the pre-amendment ADA to which Johnson is subject (the amendments went into effect in January 2009, after Johnson's discharge, and were not made retroactive, *see Fredrickson v. United Parcel Serv. Co.*, 581 F.3d 516, 521 n.1 (7th Cir. 2008)), a qualified individual is one "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8) (2006).

Johnson confines her appeal to challenging the denial of her failure-to-accommodate claim and contends that she is disabled due to her sickle cell disease. She maintains that at the time of her discharge her sickle cell anemia limited her walking and working, and she asserts that this condition required the City to provide her with reasonable accommodation.

We must first determine whether Johnson presented sufficient evidence from which a reasonable jury could conclude that she was disabled under the ADA. *See E.E.O.C. v. Auto Zone, Inc.*, 630 F.3d 635, 639 (7th Cir. 2010). The Supreme Court devised a three part test to determine if a person has a disability: (1) does the person have a physical or mental impairment; (2) does the person's proposed life activity fit the definition of a "major life activity" under the ADA; and (3) does the person's impairment substantially limit their major life activity. *Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 923 (7th Cir. 2001) (quoting *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998)); 42 U.S.C. § 12102(2) (2006) *see also E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008). We, like the district court, have little difficulty concluding that Johnson's sickle cell anemia is a physical impairment, *see Hines v. Barnhart*, 453 F.3d 559, 560-61 (4th Cir. 2006); *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1265, n.3 (9th Cir. 1998), and that walking is a major life activity, 29 C.F.R. § 1630.2(i)(1)(i). Thus, we are left to determine whether a reasonable jury could conclude that Johnson was substantially limited in her walking. *See E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005).

The district court erred when it determined that Johnson failed to show that her walking was not substantially limited. Her "Consent to Return to Work Form," which was completed by her treating physician at the Sickle Cell Clinic after her hospitalization for her sickle cell anemia, stated that she could return to work but needed to refrain from physical exertion and should be restricted to desk duty. The medical questionnaire (which was signed by her physician and accompanied her request for an accommodation) also recommended that she should be limited to desk duty, and added that she needed a walker and would have "gait instability" for six to nine months. Johnson also testified that her sickle cell anemia substantially limited her walking. Based on this evidence, a reasonable jury could conclude that Johnson was substantially limited in her walking.

Because reasonable jurors could conclude that Johnson had a disability under the ADA, summary judgment should not have been granted. Accordingly, the judgment is **REVERSED** and **REMANDED** for further proceedings consistent with this order.